UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYRONE BRANTLEY,

      Petitioner,

v.                                    Case No. 3:14cv182/MCR/CJK

JULIE JONES,[1]

      Respondent.
_____/

ORDER AND
REPORT AND RECOMMENDATION

      Before the court is a petition for writ of habeas corpus filed under 28 U.S.C.
§ 2254 (doc. 1). Respondent moves to dismiss the petition as time-barred (doc. 19),
providing relevant portions of the state court record (doc. 20). Petitioner opposes
dismissal (doc. 26). The matter is referred to the undersigned magistrate judge for
report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R.
72.2(B). After careful consideration, the undersigned concludes that no evidentiary
hearing is required for the disposition of this matter. Rule 8(a) of the Rules
Governing Section 2254 Cases in the United States District Courts. The undersigned

---

[1]Julie Jones succeeded Michael D. Crews and Interim Secretary Timothy H. Cannon as
Secretary of the Florida Department of Corrections, and is automatically substituted as the
respondent. Fed. R. Civ. P. 25(d).

further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On October 31, 2008, petitioner was charged by Information filed in the Circuit Court for Okaloosa County, Florida, Case No. 08-CF-2473, with having committed on September 25, 2008, Aggravated Battery With Great Bodily Harm (Count 1) and Trespass in a Structure or Conveyance Occupied by a Human Being (Count 2). (Doc. 20, Ex. A).[2]  The State filed a notice of intent to seek Habitual Felony Offender (HFO) sentencing and a notice of petitioner's qualification as a Prison Releasee Reoffender (PRR).  (Exs. B and C, respectively).  The charges were amended on February 26, 2009, to Burglary of a Dwelling with Assault or Battery (Count 1) and Aggravated Battery With Great Bodily Harm (Count 2). (Ex. D).  Petitioner went to trial and, on April 8, 2009, was found guilty by jury verdict of the lesser offenses of Trespass on Count 1, and Felony Battery on Count 2. (Exs. E, F).  Petitioner was adjudicated guilty and, by Amended Judgment filed June 2, 2009, sentenced to 11 months and 29 days in jail on Count 1, and 10 years in prison as an HFO on Count 2. (Exs. G, H).  Petitioner's judgment was affirmed on direct appeal on September 15, 2010, per curiam and without a written opinion. *Brantley v. State*, 45 So. 3d 463 (Fla. 1st DCA 2010) (Table) (copy at Ex. J).

While his direct appeal was pending, on June 30, 2010, petitioner filed a *pro se* motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800, asserting that he was improperly sentenced because the predicate convictions used by the State in support of habitualization belonged to Anthony Brown, not petitioner.

---

[2]All references to exhibits will be to those provided at Doc. 20, unless otherwise noted.

(Ex. L).  The state circuit court appointed petitioner counsel and, after a hearing (Exs. O, P, Q) and letter briefing (Exs. R, S), entered an order denying relief on January 28, 2011.  (Ex. T).  The court found that petitioner was properly sentenced as an HFO based upon the certified copies of prior convictions entered into the record at the time of sentencing and based upon the trial court's original findings that petitioner qualified for sentencing as an HFO.  The court concluded that petitioner was not prejudiced by the additional certified copies of prior convictions of an individual named Anthony Woods Brown that were entered into the record. (Doc. T).  Petitioner filed a *pro se* notice of appeal on March 1, 2011.  (Ex. U).  The Florida First District Court of Appeal ("First DCA") issued an order to show cause why the appeal should not be dismissed as untimely filed. (Ex. V).  Petitioner responded. (Ex. W).  On June 29, 2011, the First DCA dismissed the appeal, per curiam and without a written opinion.  *Brantley v. State*, 64 So. 3d 1263 (Fla. 1st DCA 2011) (Table) (copy at Ex. X).  The mandate issued July 26, 2011.  (Ex. Y).

On September 13, 2012, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. Z). The state circuit court denied relief.  (Ex. AA).  The First DCA summarily affirmed on June 21, 2013, per curiam and without a written opinion.  *Brantley v. State*, 145 So. 3d 99 (Fla. 1st DCA 2013) (Table) (copy at Ex. DD).  The mandate issued October 7, 2013.  (Ex. GG).

Petitioner filed his federal habeas petition in this court on April 13, 2014. (Doc. 1).  Respondent asserts the petition is untimely and should be dismissed. (Doc. 19).

DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not

have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's judgment of conviction on September 15, 2010.  Petitioner did not seek review of his conviction in the United States Supreme Court.  Accordingly, petitioner's conviction became "final" for purposes of § 2244 on December 14, 2010, when the ninety-day period for seeking certiorari from the Supreme Court expired.[3]  *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court).

At the time petitioner's conviction became final, petitioner's Rule 3.800 motion (filed on June 30, 2010) was pending, which tolled the limitations period.  Thus, although the limitations period was triggered on December 14, 2010, it was statutorily tolled until July 26, 2011, the date the mandate issued in petitioner's appeal of the order denying the motion.  *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" postconviction motion is "pending" under Florida procedure – and consequently tolls the limitations period – until the appellate court's issuance of the mandate on appeal).  The limitations period expired one year later on July 27, 2012, in the absence of tolling.  *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1)

---

[3]The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate.  *See* Sup. Ct. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

applies to calculation of the AEDPA's one-year limitation period; thus, the limitation period begins to run from the day after the day of the event that triggers the period); *McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)).

The record establishes that petitioner had no properly filed applications for state postconviction or other collateral review pending during the critical period between July 27, 2011, and July 27, 2012.  Petitioner's motion for postconviction relief filed on September 13, 2012, did not trigger the tolling benefit of § 2244(d)(2), because it was filed after the AEDPA's limitations period expired.  *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (*citing McCloud supra*, 560 F.3d at 1227, *and  Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008), *abrogated on other grounds by Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011))).  Petitioner's federal habeas petition, filed on April 13, 2014, is untimely.

Petitioner opposes dismissal on the grounds that "a illegal sentence has no time limitation." (Doc. 26, p. 1).  Petitioner explains that "my sentencing of 10 years was illegally giving [sic] to Petitioner from the use of another person criminal record being used as my record", namely Anthony Woods Brown (*Id*.).  The court liberally construes petitioner's argument as one that petitioner is entitled to the fundamental miscarriage of justice exception based on, in a manner of speaking, his actual innocence of the factual matters underlying the enhanced sentence.

## FUNDAMENTAL MISCARRIAGE OF JUSTICE EXCEPTION

In *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that federal courts have equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition. *Id*. at 1934. "In order to show the type of 'miscarriage of justice' that will excuse a procedural bar, a petitioner must make a colorable showing of actual innocence." *Crawford v. Head*, 311 F.3d 1288, 1327 (11th Cir. 2002) (*quoting Isaacs v. Head*, 300 F.3d 1232, 1255 (11th Cir. 2002)). "[T]enable actual-innocence gateway claims are rare." *McQuiggin*, 133 S. Ct. at 1928. The petitioner must satisfy the *Schlup* standard, *McQuiggin*, 133 S. Ct. at 1928 (*citing Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)), by demonstrating that constitutional error "probably resulted" in the conviction of one who is actually innocent. *Schlup*, 513 U.S. at 324, 326-27, 115 S. Ct. at 865, 867. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.*, 513 U.S. at 324, 115 S. Ct. at 865. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.*, 513 U.S. at 315-17, 115 S. Ct. at 860-62. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.*, 513 U.S. at 329, 115 S. Ct. 851. "The actual innocence exception is

'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." *Id.*, 513 U.S. at 329 (*citing Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency")).

Neither the Supreme Court nor the Eleventh Circuit has squarely addressed, or decided, whether the actual innocence exception to overcome expiration of the statute of limitations or procedural default extends to a § 2254 petitioner's claim that he is actually innocent of his noncapital sentence. *See Dretke v. Haley*, 541 U.S. 386, 393-94, 124 S. Ct. 1847, 1852, 158 L. Ed. 2d 659 (2004) (declining to answer that question in the context of a § 2254 petitioner who sought to overcome his procedural default by asserting he was actually innocent of his habitual offender sentence); *McKay v. United States*, 657 F.3d 1190, 1198 (11th Cir. 2011) (in the context of a § 2255 petitioner claiming he was actually innocent of his sentence enhancement, finding it unnecessary to decide the issue of "whether the actual innocence exception extends to the noncapital sentencing context").

This court also need not decide the question, because petitioner has not made a colorable showing of actual innocence. Petitioner asserts his HFO sentence is illegal, because at sentencing the State introduced records of Anthony Brown as part of petitioner's criminal records. Petitioner neither asserts, nor presents new reliable evidence showing, that the admitted criminal records <u>not</u> belonging to Mr. Brown (*i.e.*, the certified copies of criminal judgments of prior felonies committed by Tyrone Brantley), are not petitioner's. (*See* Doc. 20, Ex. G, pp. 435-475, 478-481 (certified copies of criminal judgments entered against Tyrone Brantley in Okaloosa County Circuit Court Case No. 05-CF-3035 (judgment of conviction for felony fleeing or

attempting to elude and sentence of 27.3 months in prison, entered May 23, 2006); Case No. 98-CF-1640 (felony marijuana possession with intent to sell, felony resisting officer with violence, felony tampering with evidence, felony killing police dog); Case No. 99-CF-464 (felony cocaine possession); Case No. 93-CF-832 (felony battery on officer and felony resisting officer with violence); Case No. 89-CF-1736 (felony sale of cocaine); Case No. 92-CF-1593 (felony battery on officer); Case No. 92-CF-1594 (felony sale of cocaine and felony possession of cocaine); Case No. 92-CF-1595 (felony sale of cocaine and felony possession of opium derivative with intent to sell); Case No. 92-CF-1596 (felony sale of cocaine and felony possession of cocaine)).  Petitioner has also overlooked the fact that his Rule 3.800 counsel, Michael A. Flowers, explained in a post-hearing letter brief to the state circuit court:

> Tyrone Brantley appeared before this Court on rehearing after having filed a Motion for Postconviction Relief.  Mr. Brantley has taken the position that he was sentenced as a Habitual Felony Offender based on the Court's relying on another person[']s felony convictions.
>
> It is true that two felony cases of a person named Anthony Brown were filed erroneously with the Court and were entered into the record at the time of Mr. Brantley's sentencing.  As an officer of the court, the undersigned has also confirmed that certified copies of prior felony convictions of Tyrone Brantley were likewise entered.  Because the prior convictions of the Defendant did, in fact, make the Defendant eligible to be sentenced as a Habitual Felony Offender, the Court could and did so classify Mr. Brantley.
>
> While it is clear that if Mr. Brantley's prior convictions had not been entered into the record, it would be improper to classify him at this time as a Habitual Felony Offender[,] [a] review of the record indicates that the Court was able to validly rely on convictions of Mr. Brantley who were, in fact, in the record.

> As an officer of the court, I do not believe it proper to argue
> otherwise and will rely on the Court's review of the record to make that
> determination.

(Ex. S).  Because petitioner fails to make a colorable showing that he is factually

innocent of his HFO sentence, he is not arguably entitled to the miscarriage of justice

exception to overcome expiration of the statute of limitations.

Petitioner's federal habeas petition is time-barred and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts provides: "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant."  If a certificate is

issued, "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed,

even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing

Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of

a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,

483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning

of this term) (citation omitted).  Therefore, the court should deny a certificate of

appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order,

the court may direct the parties to submit arguments on whether a certificate should

issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to

this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and

recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Julie Jones has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 19) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Tyrone Brantley* in the Circuit Court for Okaloosa County, Florida, Case No. 08-CF-2473, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 13th day of January, 2015.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).